UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  06-194-01 (RJL) |
| | : | |
| v. | : | |
| | : | |
| STEVEN MCGLOSTER, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Steven McGloster.[1]  As is discussed below, the government requests a sentence within the applicable federal sentencing guidelines range of zero to six months, deferring

---

[1]  The government is filing its Sentencing Memorandum at this time consistent with the schedule previously set by the Court.  The government has some concerns, however, about whether this case is ready to proceed to sentencing.  Specifically, the government has concerns about defendant's failure to provide to the presentence report writer a required financial statement and other requested financial information.  PSR, at p. 10, paras. 52-53.  He has also failed to provide certain information or adequate verification for the information that he has provided.  *Id.*, at p. 6, para. 30 (contact information for his parents); p. 6, para. 33 (contact information for his former wife and daughter); pp. 7-8, paras. 38-39 (certain medical information); p. 8, para. 44 (educational information); p. 9, para. 46 (military records); p. 9, para. 50 (resume of prior employment); p. 10, para. 56 (tax return information); and p. 15 (no signature for defendant on Receipt and Acknowledgment form).  Defendant's failures in this regard may deprive the Court of the information which it needs to sentence defendant appropriately.  It also impacts on defendant's compliance with the requirements of the plea agreement, most specifically "cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested)."  *See* Plea Letter, June 6, 2006, at p. 3, par. 5.  The government is not claiming a breach by defendant of the plea agreement at this time.  If the defendant desires, however, to move to continue the sentencing until a later date so he can provide the required information to the Probation Office, show that he has truly accepted responsibility for his actions, and come into full compliance with his obligations under the plea agreement, the government would not object.

to the Court as to the actual sentence within the guidelines, but would not oppose a sentence of probation, and requests that defendant be ordered, jointly and severally with Terri D. Minor, to make restitution of $19,002.76.

## I. FACTUAL BACKGROUND

On June 30, 2006, the government filed an Information charging defendant with obtaining funds by fraud from a program receiving federal funds, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2. On September 6, 2006, defendant pled guilty to the Information. Sentencing is now set before the Court on January 9, 2007, at 10:30 a.m.

According to the statement of offense filed in this matter and the Presentence Investigation Report ("PSR"), at page 4, ¶ 7-11, both of which were agreed to by the defendant, PSR, at page 5, ¶ 14, at all relevant times defendant was a D.C. government employee working as a Correctional Officer with the Department of Youth Rehabilitation Services. From in or about November of 2004 until in or about April of 2006, defendant worked as a Correctional Officer at the Oak Hill Youth Center which was operated by the Department of Youth Rehabilitation Services. During the time that defendant worked at Oak Hill Youth Center, the D.C. Department of Youth Rehabilitation Services received at least $10,000 per year from the United States Department of Justice.

At all relevant times, Ms. Minor was a D.C. Government employee working as a Civilian Payroll Technician, Human Support Services Cluster, Office of the Chief Financial Officer. Part of the duties of Ms. Minor included preparing time and attendance records for D.C. government employees.

In or about October of 2005, defendant was placed on a status of leave without pay with the Department of Youth Rehabilitation Services. At about that same time, Ms. Minor, defendant's

female companion with whom he shared a residence, was assigned to do the time and attendance records for the Oak Hill employees, including defendant.

In or about October of 2005, defendant and Ms. Minor agreed with each other for Ms. Minor to alter defendant's time and attendance records to fraudulently show that he was working. Ms. Minor altered these records from in or about October of 2005 through in or about January of 2006. Ms. Minor stopped at that time because defendant returned to work at Oak Hill Youth Center in or about February of 2006. Ms. Minor fraudulently altered time and attendance records for seven pay periods. During that time, Ms. Minor, beyond showing that defendant was working, also added hours for overtime, holiday, night, or Sunday hours, which hours paid above the standard salary. The total amount of money that went to defendant for these fraudulent time and attendance records was approximately $19,002.76.[2]

## II. SENTENCING FACTORS

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing a defendant. These factors are discussed below numbered as they are in Section 3553(a).

(1) The Court should consider the nature and circumstances of the offense. Here, the offense was a blatant misuse of position by Ms. Minor, aided and abetted by defendant and for his benefit. Moreover, defendant was a Correctional Officer responsible for the supervision of young offenders. In other words, someone who should not be involved in criminal activity himself.

---

[2]   Ms. Minor previously pled guilty to similar charges before Judge Henry H. Kennedy, Jr., Case No. 06-190-01. She was sentenced on October 20, 2006, by Judge Kennedy to five years of probation and was ordered to make restitution of $19,002.76 jointly and severally with defendant. PSR, at p. 3, para. 6.

The Court should also consider the history and characteristics of the defendant. In this matter, defendant has no prior criminal record and apparently relatively consistent employment as an adult. At the same time, he seems to have a long-term problem with drug abuse for which he has not obtained appropriate treatment. PSR, at page 8, ¶¶ 41-43.

(2) The Court should also consider the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the pubic; and (D) to provide defendant with appropriate education or vocational training. In this matter, as discussed above, the offense was serious and requires adequate punishment. The sentence should also be of such a nature so as to deter others from engaging in similar conduct and to protect the public from other criminal acts by defendant.[3] As to the final consideration, defendant does not appear to need further education or vocational training, but does appear to need some drug abuse treatment and/or counseling.

---

[3]   There is some dispute between the Probation Office and defendant on a point relevant to whether defendant is a continuing danger to the community. As noted in the PSR, at p. 5, para. 14:

> It is noted that outside the context of discussing the offense, the defendant stated that he might engage in the same type of conduct involved in the instant offense again. During the disclosure period, Mr. McGloster advised his attorney that he would never do anything like this again and felt the statement was taken out of context.

Despite defendant's objection, PSR, at p. 15, the presentence reporter did not delete the prior statement. Rather, the writer noted, in the PSR, at p. 16, that:

> The paragraph has been amended to include the defendant's subsequent perspective but the statement will not be deleted as Mr. McGloster expressed the statement and subsequently made similar comments to the probation officer who conducted the urinalysis. He did not reconsider his statements at any time during the interview and his comments portray the attitude/approach he has taken during the presentence investigation.

(3) The Court should consider the kinds of sentences available. The maximum term of imprisonment for this offense is 10 years, with a term of supervised release of 3 years, but the defendant, alternatively, is eligible for up to five years of probation. PSR, at page 11, ¶¶ 58, 61, and 64.

(4) The Court should also consider the sentencing range established by the United States Sentencing Guidelines ("USSG"). As to these guidelines, the probation officer believes, and the United States concurs, that the defendant's resulting Total Adjusted Offense Level for the offense is 8, his Criminal History category is I, and his USSG range is 0 to 6 months. PSR, at page 5, ¶ 25, and page 11, ¶ 59. Because the applicable guidelines range is in Zone A, defendant is eligible for probation. *Id.*, at page 11, ¶ 65.

(5) The Court should consider any pertinent policy statement issued by the Sentencing Commission. The government is not aware of any pertinent statements beyond those captured in the applicable sentencing guidelines range, which is discussed above.

(6) Moreover, the Court should consider the need to avoid unwarranted sentencing disparities among defendants with similar records. Here, a guidelines sentence would help prevent such disparities between defendant and similar defendants, including co-defendant Minor.

(7) Finally, the Court should consider the need to provide restitution. In this matter, an appropriate restitution order would require defendant to be jointly and severally liable with co-defendant Minor to the D.C. government for the amount of $19,002.76.

### III. RECOMMENDATION

As a Correctional Officer with the D.C. Department of Youth Rehabilitation Services at Oak Hill Youth Center, defendant was in a position where he clearly should not have himself been

engaging in criminal conduct. This is true both because he was a role model for those young offenders he supervised and he was in a position clearly to see first-hand the negative consequences of criminal activities.

Nevertheless, defendant aided and abetted his female companion, Ms. Minor, in her using her position with the Office of the Chief Financial Officer to steal this money for the benefit of defendant. This theft occurred over several months and involved Ms. Minor creating fraudulent government documents. This conduct, with its resulting harm to the District of Columbia citizens and its government, both the Office of the Chief Financial Officer and the Department of Youth Rehabilitation Services, is serious conduct that needs to be punished adequately. Moreover, beyond the harm to the District's citizens and government, the corruption of public service institutions itself is a wrong. Corruption by public officials in the District of Columbia, at whatever level, is a serious and, unfortunately, too often recurring problem. Corruption erodes the public confidence in government officials, employees and institutions. Citizens will trust, accept and comply with the requirements of a system they believe operates fairly, but not one that they do not believe does so. Moreover, although most public servants are honest and hard working, their morale is hurt by those who engage in corruption and their reputations suffer. Further, in this case, there was fraud upon the federal government because it was providing significant funds to the program from which the money was taken wrongfully.

At the same time, defendant quickly admitted his guilt and agreed that he may be required to make restitution. Moreover, although defendant is forty-seven years old, he has no prior criminal record.

Accordingly, the government requests that the Court impose a sentence within the guidelines, but defers to the Court as to the actual sentence. In light of all the circumstances discussed above, however, and consistent with its position in the plea agreement, Plea Letter, at page 3, ¶ 5, the government would not oppose a sentence of probation.[4] Furthermore, as part of the plea, defendant agreed that he may be required by the Court to make restitution to the D.C. government of $19,002.76. Plea Letter, at page 2, ¶ 4; *see* PSR, at page 4, ¶ 12, and page 13, ¶ 75. The government respectfully requests that the Court order the defendant to pay that amount of restitution jointly and severally with Ms. Minor. It is unclear, however, due to defendant failing to submit the requested financial information, whether he has the ability to pay a fine. PSR, at page 11, ¶ 57. Finally, the government requests that the Court consider some form of drug abuse monitoring and/or counseling for the defendant, for the reasons discussed above.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610

By:  / s /
_____
DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorney
555 4th Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov

---

[4] The government has some concerns, however, about how well defendant will do on probation for many of the same reasons as were discussed in footnotes 1 and 3, above. As the Court is already aware, defendant had difficulties complying with supervision by the D.C. Pretrial Services Agency pending sentencing. *See* PSR, at p. 3, para. 5.