# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **Cr. No. 06-194 (RJL)** |
| v. ) | |
| ) | |
| STEVEN McGLOSTER ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Steven McGloster, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. McGloster respectfully asks the Court to sentence him to probation.

### BACKGROUND

On June 30, 2006, the government filed a one-count Information charging Mr. McGloster with Obtaining Funds by Fraud from a Program Receiving Federal Funds in violation of Title 18 U.S.C. § 666. On September 6, 2006, Mr. McGloster pled guilty, in accordance with a written plea agreement, to the Information. Mr. McGloster is scheduled to be sentenced before this Court on January 9, 2007, at 10:30 a.m.

### DISCUSSION

## I.      THE POST-<u>BOOKER</u> SENTENCING FRAMEWORK.

Under Justice Breyer's majority opinion in <u>Booker</u>, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. <u>See</u> 18 U.S.C. § 3553(a)(4)." <u>United States v. Booker</u>, 543 U.S. 220, 264 (2005)

1

(Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

No limitation shall be placed on the information concerning the background, character,

2

and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. MCGLOSTER SHOULD RECEIVE A SENTENCE OF PROBATION

### A.     Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

### B.     Advisory Sentencing Guidelines

*(I).     Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the total offense level in this case is 8 and that Mr. McGloster's criminal history category is I, resulting in an advisory Guideline range of 0-6 months. This advisory sentence

falls in Zone A of the advisory Guidelines, which means that probation would be an appropriate sentence under the advisory Guidelines.

    C.    <u>Section 3553 Factors</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. McGloster in no way wishes to diminish the seriousness of the offense, he notes that the crime to which he pled guilty was neither a crime of violence nor a drug-related offense. He submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise

serious offense."  Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

*II. Characteristics of the Defendant*

As the PSR indicates, Mr. McGloster does not have a criminal history.  He has always been gainfully employed and has spent his entire life up until this point as a law abiding citizen. He took pride in his work and is ashamed at his actions.  The distress he has felt about this case has taken a serious toll on his health.  He spent several days in the hospital this past Fall, and ultimately he underwent heart surgery in October.  He takes a number of medications for pain, diabetes, and bipolar disorder.  After having worked with Mr. McGloster since last June, it is undersigned counsel's sincere belief that the stress of this case has had a tangible negative impact on his health.

Mr. McGloster has also had some difficulty with substance abuse.  He did attempt to go through drug rehabilitation once in 1999, but he was not successful.  Mr. McGloster acknowledges that this is a problem and hopes to concentrate on getting his life back on track while he fulfills his obligations to this Court.

Despite his health and substance abuse problems, Mr. McGloster is a supportive and loving father and partner.  He had a somewhat rocky childhood and is estranged from many of his family members, but he cares deeply for Ms. Minor, his partner, and her two children.  In addition, he has a good relationship with his 18-year old daughter, Nicole, who attends Norfolk State University.  He supports Nicole in every way that he can and has maintained a civil relationship with her mother for her sake.  Mr. McGloster has a kind heart and works hard to care for those that he loves.

5

Mr. McGloster sorely regrets his actions, and he is determined to make up for what he has done. He and Ms. Minor will diligently pay back the restitution, and he is already in search of employment so he can meet the Court's obligations and those of his family. He knows that the best course of action is to get his life back in order, and that is his intention.

*III. Appropriate Sentence*

Given all the circumstances, it would appropriate in this case to sentence Mr. McGloster to a period of probation. The primary concern in this case is the money that was taken and the victim who suffered as a result. The remedy is for the City of D.C. to get its money back. Mr. McGloster is a first-time offender who has been gainfully employed his entire life, thus there is every indication that he will pay back the restitution as long as he is permitted to work. A sentence of probation would allow the victim in this case to recover its money while simultaneously punishing Mr. McGloster and allowing the Court to keep an eye on him. In addition, sentencing Mr. McGloster to probation would prevent severe financial and emotional disruption to his family, which depends on him for support. Finally, probation is appropriate because Mr. McGloster is not likely to re-offend, so the community would benefit more from having him work as a productive member of society and paying back his restitution than paying for him to be locked up in a facility somewhere. It should also be noted that Ms. Minor, who was convicted on identical charges, received a sentence of probation, and the Court has a duty to avoid unwarranted sentencing disparities.

## CONCLUSION

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Mr. McGloster asks the Court to sentence him to probation. Such a sentence would

be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §

3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____
            "/s/"
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126